UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL MARIN,<br><br>                Plaintiff,<br><br>v.<br><br>KRISTINE CATANO; ADELA DE LA TORRE; VANESSA RUIZ; and JOSEPH I. CASTRO, in their official and personal capacities; and SAN DIEGO STATE UNIVERSITY,<br><br>                Defendants. | Case No.: 21cv1445-JO-MDD<br><br><br>**ORDER DISMISSING IN PART PLAINTIFF'S COMPLAINT** |

On November 23, 2021, *pro se* Plaintiff Mel Marin filed a second amended complaint alleging that Defendants discriminated and retaliated against him while he was a student at San Diego State University ("SDSU"). Dkt. 18 ("SAC"). Because he is proceeding *in forma pauperis* ("IFP"), the Court screened his complaint. For the reasons stated below, Plaintiff's second amended complaint is dismissed in part under 28 U.S.C. § 1915(e)(2).

///

///

1

## I. BACKGROUND

Plaintiff Marin,[1] a former student at SDSU, initiated this action on August 13, 2021, alleging that SDSU and certain of its employees, Kristine Catano, Adela De La Torre, and Joseph Castro (the "Individual Defendants"), violated Plaintiff's constitutional and contractual rights. Dkt. 1. Plaintiff also filed a motion to proceed IFP. Dkt. 2. On August 23, 2021, the Court granted Plaintiff's motion to proceed IFP, but dismissed Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) after finding that Plaintiff's complaint failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 6. On the same day, Plaintiff filed his first amended complaint. Dkt. 7. Then, on November 23, 2021, Plaintiff filed his second amended complaint. SAC.

In the SAC, Plaintiff alleges that SDSU and its faculty violated his rights on several discrete occasions. First, Plaintiff alleges that Defendants discriminated against him when they refused to give him certain test-taking accommodations. According to the SAC, Plaintiff has an eye injury that requires a magnifying glass and causes him to read slowly. SAC ¶¶ 7, 16. In February 2020, Plaintiff enrolled in two classes at SDSU—a "viruses" class and a "neurology" class—and was allegedly told he "should have no problem [taking those classes] based on his prior science courses." *See id.* When Plaintiff took exams in those two courses, he requested the following test-taking accommodations: (1) extra time, (2) a seat separated from other students, and (3) to use his magnifying glass. *Id.* ¶¶ 8, 16–17. Plaintiff alleges both of his teachers refused his accommodation requests. *See id.* ¶¶ 10, 16–17. After Plaintiff failed the exams, he attempted to drop the classes, but

---

[1] The Court notes that Plaintiff is a serial *pro se* filer that has been cautioned by courts across the United States against bringing frivolous claims. *See, e.g., Marin v. Tarr*, 83 Fed. Appx. 946 (9th Cir. 2003) (noting that Marin's contentions lacked merit and his litigation activities were numerous and abusive); *see also, e.g., Marin v. Am. Self-Storage*, 2007 WL 4287832, at *1 (D. Ariz. Nov. 30, 2007); *Marin v. McClincy*, 15 F. Supp. 3d 602, 608 (W.D. Pa. 2014); *Marin v. Escondido Care Ctr.*, 2012 WL 5463688, at *3 (S.D. Cal. Nov. 7, 2012).

Defendant Catano allegedly would not allow him to do so.  *See id.* ¶¶ 19–20.  Defendant Catano also allegedly failed to inform Plaintiff that he had a right to reasonable accommodations for his disability.  *See id.*  Based on these facts, Plaintiff brings claims under Title II of the Americans with Disabilities Act, 42 U.S.C. § 121012, and § 504 of the Rehabilitation Act, 29 U.S.C. § 794, against all Defendants ("First Claim").  Plaintiff also brings a claim against the Individual Defendants alleging that they violated his Fourteenth Amendment right to due process ("Second Claim").

Second, Plaintiff alleges that, after he complained about the above discrimination, Defendants retaliated against him in violation of the First and Fourteenth Amendments.  On March 30, 2020, Plaintiff allegedly submitted a petition complaining that his "virus professor" discriminated against him, but he "did not hear back" about his complaint.  *See id.* ¶¶ 23, 25.  Plaintiff then filed the same complaint about the "virus professor" with Defendant De La Torre but did not receive an answer.  *See id.* ¶¶ 25–26.  According to Plaintiff, Defendants retaliated against him for these complaints in several ways, including by (1) not telling him that SDSU's science labs had reopened during the COVID pandemic; (2) refusing to refund his tuition; (3) placing a hold on his account because of his overdue fees, and thus preventing him from enrolling in more classes; (4) ignoring his request for his academic records; and (5) telling him that COVID-related medical exemptions needed to be filed online when, in fact, paper applications existed.  *See id.* ¶¶ 26, 31.  Because Plaintiff was not allowed to enroll in more classes due to overdue fees, he is no longer a student at SDSU.  *See id.* ¶¶ 31–32.  Based on these facts, Plaintiff claims that all Defendants retaliated against him in violation of the First and Fourteenth Amendments ("Fourth Claim").

Third, Plaintiff claims that Defendants violated his due process rights by not allowing him to file an exemption from SDSU's "void vaccine rule" on paper.  On July 27, 2021, SDSU enacted a policy requiring students to either provide proof of COVID vaccination or a medical exemption to attend classes in person.  *See id.* ¶ 68.  Plaintiff alleges that he attempted to file an exemption in August 2021, but was "told to do it through

the computer." *See id.* ¶¶ 31, 69. Plaintiff claims that Defendants lied to him because a paper form was available, but that he did not discover the paper form until after the deadline and therefore, was prevented from enrolling in more classes. *See id.* ¶ 31. Based on these facts, Plaintiff brings a Fourteenth Amendment claim against all Defendants for "forced implementation of a void vaccine rule," and requests declaratory relief and damages ("Third Claim"). Plaintiff seeks a declaratory judgment against SDSU "that the vaccination rule is void as applied to this plaintiff," and seeks damages against the Individual Defendants in their individual capacities for implementing the vaccination policy. *Id.* ¶ 72.

Fourth, Plaintiff alleges that Defendants violated his due process rights when they refused to give him all of his academic records. On August 4, 2021, Plaintiff allegedly requested copies of his SDSU records. *See id.* ¶ 88. Defendants apparently gave him some of his records, but not all, and "require[d] [him] to jump hoops of training with college IT personnel" to obtain certain records. *See id.* ¶ 90. Based on these facts, Plaintiff claims that all Defendants violated his Fourteenth Amendment right to due process ("Fifth Claim"). *See id.* ¶ 91.

Finally, Plaintiff alleges that Defendants violated the implied covenant of good faith and fair dealing when they required him to use a school email address, rather than a personal email address, and when they required him to fill out school forms on the computer, rather than on paper. Plaintiff claims that the "student-college relationship is one of contract," *see id.* ¶ 99, and that Defendants violated the implied covenant of good faith and fair dealing to that contract when they "forc[ed] all students to communicate with the college on the college's email system rather than through personal email addresses." *See id.* ¶ 100. Plaintiff further alleges that Defendants had a good-faith duty to provide him with a paper form so that he could file a medical exemption and that they violated that duty by "forcing" him to use a computer application that "did not work." *See id.* ¶¶ 102–03, 107. Based on these facts, Plaintiff brings a breach of contract claim against all Defendants ("Sixth Claim").

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen an IFP complaint and *sua sponte* dismiss it to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (same with respect to 28 U.S.C. § 1915A(a) & (b)(1)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Upon screening Plaintiff's complaint, the Court identifies the following deficiencies. First, Plaintiff does not have standing to seek an injunction based on Defendants' alleged violations of the ADA (First Claim), nor to seek declaratory relief for SDSU's vaccination policy (Third Claim). Second, Eleventh Amendment immunity bars Plaintiff's claims against SDSU and the Individual Defendants in their official capacities (Second through Fifth Claims). Third, Plaintiff fails to state claims that the Individual Defendants discriminated and retaliated against him because Plaintiff does not allege facts that each Individual Defendant was involved in the alleged constitutional violations. (Second and

Fourth Claims). Fourth, Plaintiff fails to state a claim that the deprivation of his school records amounts to a due process violation (Fifth Claim). Finally, Plaintiff fails to state a breach of the implied covenant of good faith and fair dealing because he has not sufficiently alleged the existence of a contract (Sixth Claim). The Court addresses each of these issues in turn.

### A. Plaintiff Does Not Have Standing to Seek Either an Injunction or a Declaratory Judgment

The Court first addresses whether Plaintiff has standing to seek the injunctive relief in his First Claim and the declaratory relief in his Third Claim. A litigant only has standing "to have the court decide the merits of the dispute" when he has been injured. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). A plaintiff must have an "injury in fact"—"an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). For injunctive or declaratory relief, this means Plaintiff must show that he faces a "real or immediate threat . . . that he will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *see also Sellers v. Regents of the Univ. of Cal.,* 432 F.2d 493, 500 (9th Cir.1970) (holding that an actual controversy was absent where a request for a declaratory judgment invalidating a university policy was brought by plaintiffs who did not intend to use those facilities in the future).

The Court finds that Plaintiff does not have standing to seek either injunctive or declaratory relief because there is no imminent threat that he will be harmed in the future by the college and its staff. Plaintiff seeks two equitable remedies in the SAC: (1) an injunction that SDSU provide him with test-taking accommodations and with a paper medical-exemption application, and (2) a declaration that SDSU's "vaccination rule is void as applied to this plaintiff." SAC ¶¶ 46, 72. While Plaintiff alleges that he previously suffered from these policies, he has not alleged that he is in danger of being harmed in the future. Plaintiff no longer attends SDSU and does not allege that he has plans to return. *See id.* ¶¶ 31–32. That simple fact obviates any danger that SDSU will force a vaccination

policy on him or refuse him accommodations in the future. In fact, Plaintiff alleges that SDSU barred him from enrolling in further classes because of overdue fees, and therefore, it is not clear that he could return to SDSU even if he wanted to. *See id.* ¶ 31. Because there is no imminent threat that Plaintiff will be harmed by SDSU's allegedly unlawful policies in the future, the Court finds that Plaintiff lacks standing to seek injunctive and declaratory relief. Plaintiff's request for injunctive relief in his First Claim and Plaintiff's request for declaratory relief in his Third Claim are dismissed.

**B. The Eleventh Amendment Bars Plaintiff's Claims Against a State University and its Employees**

The Court next considers whether the Eleventh Amendment bars Plaintiff's claims against SDSU and its employees. Unless an exception applies,[2] the Eleventh Amendment prohibits suits by private parties against the state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Defendant SDSU is an "instrumentalit[y] of the state" protected by Eleventh Amendment immunity, as are its employees when acting in their official capacities. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982); *Pennhurst*, 465 U.S. at 102. Eleventh Amendment immunity also extends to state employees in their individual capacities where the state is the real party in interest. *Pennhurst*, 465 U.S. at 102 ("a suit against state officials [] is in fact a suit against a State" where the court's order would operate against the state); *see also, e.g., Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1160 (9th Cir. 2002) (noting

---

[2] There are three exceptions to Eleventh Amendment immunity, none of which are applicable here: (1) the state has expressly waived its right not to be sued, (2) Congress has specifically passed a law allowing suit, or (3) a party seeks prospective injunctive relief for an ongoing violation of federal law under the *Ex Parte Young* doctrine. *In re Lazar*, 237 F.3d 967, 976 (9th Cir. 2001); *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999); *Doe v. Regents of the Univ. of California*, 891 F.3d 1147, 1153 (9th Cir. 2018). As to the third exception, the *Ex Parte Young* doctrine applies when a private party seeks prospective injunctive relief against a state official in her official capacity for an ongoing violation of federal law. *Doe v. Lawrence Livermore Nat. Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997).

an order operates against the state "when the requested relief will require affirmative actions by the sovereign").

First, Defendants' Eleventh Amendment immunity bars Plaintiff's Third Claim that SDSU's vaccination policy violates the Fourteenth Amendment. *See* SAC ¶¶ 67–72. Because SDSU is a state college, and thus an arm of the state protected by Eleventh Amendment immunity, Plaintiff cannot pursue injunctive relief against it. *Hayakawa*, 682 F.2d at 1350. By the same token, Plaintiff's claim against the Individual Defendants for implementing SDSU's vaccination policy is also barred by the Eleventh Amendment. Plaintiff's claim against these individuals for official actions on behalf of the state college, *see* SAC ¶¶ 67–72, "is in fact [a claim] against the [state]." *Pennhurst*, 465 U.S. at 101; *see also Dawavendewa*, 276 F.3d at 1160. Any order that the Individual Defendants violated Plaintiff's constitutional rights by implementing SDSU's vaccination policy would be a finding that the state college's policy is unconstitutional. Thus, the state is the real party in interest here. Accordingly, the Court dismisses Plaintiff's Third Claim regarding SDSU's vaccination policy as barred by the Eleventh Amendment.

For the same reasons described above, Plaintiff's Second, Fourth and Fifth Claims alleging various constitutional violations are also dismissed to the extent they are brought against Defendant SDSU and against the Individual Defendants in their official capacities. *Hayakawa,* 682 F.2d at 1350 (California state colleges and universities are arms of the state); *Dittman v. State of California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) (noting that California has not waived its Eleventh Amendment immunity to constitutional claims under § 1983); *Jackson*, 682 F.2d at 1349–50 (9th Cir. 1982) (employees of the state are immune under the Eleventh Amendment when acting in their official capacities).

**C. Failure to State a Claim**

Plaintiff appears to allege that school officials (1) discriminated against him by refusing to provide test-taking accommodations and then retaliated against him after he complained (Second and Fourth Claims), (2) violated his due process rights by failing to provide him with his school records (Fifth Claim), and (3) breached the implied covenant

of good faith and fair dealing by requiring him to use a school email address and fill out forms on the computer (Sixth Claim).  For the reasons discussed below, the Court dismisses each of the above causes of action for failure to state a claim under Rule 12(b)(6).

> *1. Plaintiff Fails to State Discrimination and Retaliation Claims Against School Officials*

Plaintiff's discrimination and retaliation claims (Second and Fourth Claims) against the Individual Defendants fail because he has not alleged that these school officials were directly involved in harming him.  In order for individual defendants to be liable for damages under § 1983, each must have caused or personally participated in the violation of a plaintiff's constitutional rights.  *Gilbrook v. City of Westminster*, 177 F.3d 839, 854 (9th Cir. 1999).  Personal participation includes affirmative acts, participation in another's affirmative acts, or the failure to perform a legally required affirmative act.  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (citation omitted).

Plaintiff does not allege that any of the school officials named as Individual Defendants personally participated in the violation of Plaintiff's constitutional rights. Plaintiff generally alleges that "*[t]hey* . . . fail[ed] to notify Mel he had a right to additional test taking time," and "*they* came immediately after he complained, refusing to refund his tuition, placing a permanent hold against his name." SAC ¶¶ 55, 83 (emphasis added). Plaintiff does not specify whether "they" includes any of the school officials named as Individual Defendants.  Even if "they" refers to the Individual Defendants in this action, he does not identify which individual committed each allegedly unlawful act.  Therefore, it is unclear whether or to what extent Individual Defendants Catano, De La Torre, and Castro personally participated in the alleged violations of Plaintiff's constitutional rights, as required to state a claim against them under § 1983. *See generally id.*  Because Plaintiff does not adequately allege the personal participation of the Individual Defendants, his claims against them for retaliation and discrimination are dismissed.

///

///

### 2. *Plaintiff Fails to Plead Deprivation Under the Fourteenth Amendment*

Plaintiff's Fourteenth Amendment claim regarding school records (Fifth Claim) fails because he does not identify the specific records that Defendants denied him. The Fourteenth Amendment prohibits deprivation of "life, liberty, or property, without due process of law." U.S. Const., amend. XIV. Applying this prohibition requires a "two-stage analysis." *Ingraham v. Wright*, 430 U.S. 651, 672 (1977). Courts "must first ask whether the asserted individual interests are encompassed within the Fourteenth Amendment's protection of 'life, liberty or property'; if protected interests are implicated, [courts] then must decide what procedures constitute 'due process of law.'" *Id.* (citations omitted). Here, the Court cannot determine whether Plaintiff's deprivation involves life, liberty, or property because Plaintiff does not say what documents were withheld from him. Plaintiff claims that he requested access to a copy of his college records but appears to admit that he was given some documents and asked to work with "college IT personnel" to obtain others. SAC ¶ 90. Because Plaintiff does not specify what documents he requested and what documents he received, the SAC does not clearly state what Plaintiff was deprived of under the Fourteenth Amendment. Furthermore, Plaintiff's allegations suggest that SDSU attempted to give him his documents and therefore, the SAC does not clearly state that a deprivation occurred in the first place. Accordingly, Plaintiff's Fifth Claim regarding college records does not adequately plead a due process violation under the Fourteenth Amendment and is dismissed.

### 3. *Plaintiff Fails to Plead a Contract With SDSU*

Plaintiff complains that Defendants violated contractual obligations when they required him to use a school email address and fill out an online, medical-exemption form instead of a paper form (Sixth Claim). Because he fails to allege that a contract between him and SDSU ever existed, he cannot state a cause of action for breach of the implied covenant of good faith and fair dealing. To state an implied covenant claim under California law, a plaintiff must first plausibly allege the "existence of a contractual relationship." *Smith v. City & Cnty. of San Francisco*, 225 Cal. App. 3d 38, 49 (1990); *see*

*also Kashmiri v. Regents of Univ. of California*, 156 Cal. App. 4th 809, 826 (2007) (noting that courts "have been reluctant to apply contract law to general promises or expectations" but have "not been hesitant to apply contract law when the educational institution makes a specific promise"). Plaintiff's only reference to a contract in the SAC is that "the basic student-college relationship is one of contract." *Id.* ¶ 99. Plaintiff has not identified any specific contract or promise that Defendant SDSU made. Plaintiff's general allegation that all interactions between a college and its students are ones of contract is insufficient to plead the existence of a contract. Plaintiff has thus not sufficiently pleaded that Defendants' requirements for email usage and online medical exemptions were in violation of an implied covenant arising out of a contract. *See id.* ¶¶ 99–107. Therefore, Plaintiff's Sixth Claim is dismissed.

### 4. Leave to Amend

The Court will grant Plaintiff leave to amend the complaint. When a complaint fails to state a claim, a court may grant a plaintiff leave to amend to cure its deficiencies. Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court may deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725–26 (9th Cir. 2000). Amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Although the above claims and portions thereof fail to state a claim, it is not clear at this juncture that Plaintiff could not bring those claims if he properly pleaded the requisite elements against the specific Defendants. Accordingly, the Court will grant Plaintiff 30 days from the date of this order to file an amended complaint.

### 5. CONCLUSION AND ORDER

For the reasons set out above, the Court DISMISSES Plaintiff's Second, Third, Fourth, Fifth, and Sixth Claims in full. Plaintiff's First Claim for damages as alleged against SDSU may proceed.

|   |   |
|---|---|
| 1 | The Court directs the Clerk to (1) provide Plaintiff with a blank U.S. Marshal Form 285 for each Defendant named in the second amended complaint [Dkt. 18]; (2) provide Plaintiff with a certified copy of this order; and (3) provide Plaintiff with a certified copy of the second amended complaint and the summons so that he may serve SDSU.  Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, include an address where SDSU may be served, *see* S.D. Cal. Civ. L.R. 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the IFP package.  The U.S. Marshal shall serve a copy of the second amended complaint and summons upon SDSU as directed by Plaintiff on the USM Form 285.  All costs of that service will be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). |

**IT IS SO ORDERED**.

Dated: April 14, 2023

Hon. Jinsook Ohta
United States District Judge