UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL MARIN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO STATE UNIVERSITY,<br><br>　　　　　　　　　　　Defendant. | Case No.: 21-cv-01445-JO-MMP<br><br>**ORDER EXTENDING EXPERT DESIGNATION DEADLINE** |

On October 25, 2023, the Court entered a Scheduling Order in this action, setting a deadline for the parties to designate their respective experts in writing no later than **February 1, 2024**. [ECF No. 43, ¶ 3.]

On January 29, 2024, Plaintiff filed a "Notice and 1st Motion to Extend Date to Designate Experts At Least 45 Days"[1] in which Plaintiff seeks a forty-five (45) day extension on the deadline to designate experts. [ECF No. 44.] The basis for Plaintiff's request is that he experienced "surprises" in the last two weeks by receiving a "cut-off of half of his food stamps" and "a notice of dismissal from the 6th Cir. on an appeal if he does

---

[1] The Court notes Plaintiff's motion is procedurally improperly, as it fails to comply with the undersigned's Civil Chambers Rules, which require administrative requests to the Court such as an extension of time to be made by joint motion. Chambers Rule VII(A). The Court may strike any further non-compliant filings.

not pay $505 quickly" and, as a result, had to use the money he "*might* have had" to pay for an expert but now does not. [*Id*. at 1 (emphasis in original).] Plaintiff further states that he needs two additional pension payments, the latter to be paid March 3, to pay for an expert. Plaintiff represents that Defendant agreed to a thirty-day extension; however, Plaintiff needs additional time to receive his March 3 pension payment. Defendant has not filed a response to Plaintiff's motion.

A party seeking to modify the scheduling order must demonstrate good cause. Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also* Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings, ECF No. 44 at ¶ 18 ("The dates and times set forth herein will not modified except for good cause shown."); Chambers Rule VIII ("As provided in Fed. R. Civ. P. 16(b)(4), modification of the Scheduling Order requires the approval of the Court and good cause. The Rule 16 'good cause' standard focuses on the reasonable diligence of the moving party."). Courts have broad discretion in determining whether good cause exists. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). The Ninth Circuit has instructed that the good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. [ ] If that party was not diligent, the inquiry should end.") (internal citation omitted).

Plaintiff has not shown good cause for the requested extension because he does establish reasonable diligence. For example, Plaintiff attaches email correspondence with Defense counsel showing he initially requested an extension on January 17, 2024, which Defense counsel responded to on January 19, 2024. It is worth nothing that, contrary to Plaintiff's contention, this email does not show the state's "approval of 30 days extra" but instead states Defendant is "not necessarily opposed to the idea" and asks why Plaintiff needs the extension. [ECF No. 44 at 6.] Upon receiving this response, Plaintiff does not

explain why he waited ten (10) days to seek the requested extension with the Court, particularly when he did not wait for a response from Defense counsel to his January 28, 2024 email anyway. Plaintiff also does not address when he learned of his alleged financial surprises or provide any explanation of the diligent steps he has taken to find an expert to determine relevancy, cost, and availability and thus comply with the current February 1, 2024 deadline to designate experts. Accordingly, based on the current motion, the Court finds Plaintiff has failed to establish good cause for the requested extension.

Nevertheless, the Court recognizes that Plaintiff is proceeding *pro se*. As such, the Court will grant a limited, one-time extension for the parties to designate their respective experts in writing by **March 15, 2024**. **No further extensions will be granted, and the Court's Scheduling Order, ECF No. 43, will not be modified further except for good cause shown.** All other substantive provisions of the Court's October 25, 2023 Scheduling Order, ECF No. 43, remain in effect.

In addition, the parties must submit via the undersigned's efile a joint status report by **March 18, 2024**, informing the Court whether experts were designated by either side.

**IT IS SO ORDERED**.

Dated: February 1, 2024

HON. MICHELLE M. PETTIT
United States Magistrate Judge