UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL MARIN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO STATE UNIVERSITY, et al.<br><br>　　　　　　　　　　Defendants. | Case No.: 21-cv-01445-JO-MMP<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO EXTEND THE PRETRIAL MOTION DEADLINE TO MAY 31, 2024**<br><br>[ECF No. 63] |

Pending before the Court is Defendants' motion to amend the scheduling order. [ECF No. 63.] On October 25, 2023, the Court entered a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings, which set a fact discovery deadline of March 1, 2024, an expert designation deadline of February 1, 2024, and a pretrial motion cutoff deadline of April 15, 2024. [ECF No. 43.]

On January 29, 2024, Plaintiff filed a "Notice and 1st Motion to Extend Date to Designate Experts At Least 45 Days" in which Plaintiff sought a forty-five (45) day extension on the deadline to designate experts. [ECF No. 44.] This Court found Plaintiff had not shown good cause for the requested extension because he failed to show reasonable diligence. Nevertheless, the Court granted a one-time extension for the parties to designate their respective experts in writing by March 15, 2024. [ECF No. 45.] The Court furthered

ordered all other substantive provisions of the Court's October 25, 2023 Scheduling Order, ECF No. 43, remained in effect. [*Id.*]

On February 22, 2024, following a discovery conference, the Court granted leave for the parties to file discovery motions and amended the fact discovery deadline to April 26, 2024. [ECF No. 51.] The Court also ordered the parties to meet and confer on further necessary amendments to the operative Scheduling Order deadlines set forth in ECF No. 43 and 45, including the deadlines for expert designations and filing pretrial motions. The Court further ordered the parties to submit via the undersigned's efile a joint status report by March 18, 2024, informing the Court whether experts were designated by either side.

In the present motion, Defendants request to extend the deadline for filing pretrial motions from April 15, 2024 to May 31, 2024 only. [ECF No. 63.] Defendants represent Plaintiff objects to this amendment and seeks to have all dates stayed until the discovery disputes are resolved. [*Id.* at 2.] Defendants seek the requested extension on the grounds that resolution of the pending discovery disputes and motions greatly affect the parties' ability to file pretrial motions. Defendants further represent the pretrial motion date is the only requested modification to the current Scheduling Order.

A party seeking to modify the scheduling order must demonstrate good cause. Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also* Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings, ECF No. 43 at ¶ 18 ("The dates and times set forth herein will not modified except for good cause shown."); Chambers Rule VIII ("As provided in Fed. R. Civ. P. 16(b)(4), modification of the Scheduling Order requires the approval of the Court and good cause. The Rule 16 'good cause' standard focuses on the reasonable diligence of the moving party."). Courts have broad discretion in determining whether good cause exists. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). The Ninth Circuit has instructed the good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking

modification. *Id.* ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. [ ] If that party was not diligent, the inquiry should end.") (internal citation omitted).

The Court finds good cause exists to extend the pretrial motion cutoff to May 31, 2024, and therefore **GRANTS** Defendants' motion. At this time, the Court finds no further modification to the Scheduling Order is appropriate. A stay of the pretrial or discovery deadlines is not warranted, and therefore the Court denies Plaintiff's request to stay the pretrial deadlines. Upon ruling on the pending discovery motions, the Court will set a further Case Management Conference to address the status of discovery and pretrial deadlines. Additionally, the parties are **ORDERED** to file a joint status report no later than **April 15, 2024**, informing the Court whether experts were designated by either side.

**IT IS SO ORDERED**.

Dated: April 11, 2024

HON. MICHELLE M. PETTIT
United States Magistrate Judge