UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL MARIN,<br><br>             Plaintiff,<br><br>v.<br><br>SAN DIEGO STATE UNIVERSITY, et al.,<br><br>             Defendants. | Case No.:  21-cv-1445-JO-MMP<br><br>**AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

On April 11, 2024, the Court granted Defendant's motion to extend the pretrial motion deadline to May 31, 2024, denied Plaintiff's request to stay pre-trial deadlines, and required the parties to file a joint status report by April 15, 2024, informing the Court whether experts were designated by either side. [ECF No. 64.] On April 17, 2024, two days passed the Court-ordered deadline,[1] the parties filed a "Joint Status Report Update" indicating they were waiting for a ruling on the then-pending Motion to Compel Videotaped Deposition as well as the Motion for a Protective Order to proceed with the next steps of discovery. [ECF No. 65.] The parties also reported Defendant did not

---

[1] The Court cautions both parties that further failure to comply with Court orders and deadlines may result in sanctions.

designate any experts, and Plaintiff provided his expert designation to Defendant. [*Id.* at 2.] On April 19, 2024, this Court ruled on the parties' discovery motions. [ECF No. 66.]

In light of the current procedural posture of the case and for good cause, the Court *sua sponte* **AMENDS** the Scheduling Order[2] as follows:

1. All fact discovery shall be completed by all parties[3] by **May 24, 2024**. "Completed" means that all discovery under Rules 30–36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **The parties shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects the parties to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the moving party shall file an appropriate motion within the time limit and procedures outlined in Magistrate Judge Pettit's Chambers Rules, which is accessible via the Court's website at www.casd.uscourts.gov. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

2. The date for exchange of rebuttal experts shall be by **May 1, 2024**. The written designations shall include the name, address, and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By **May 15, 2024**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure

---

[2] The deadlines set forth in this Order supersede any previous deadlines or modifications to the Scheduling Order.

[3] Reference to "parties" or "counsel" throughout this order includes any party representing himself or herself.

requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **May 29, 2024**.

5. All expert discovery shall be completed by all parties by **June 7, 2024**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

6. **Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence**.

7. All other pretrial motions must be filed by **May 31, 2024**. The moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions *in limine* are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

8. A Mandatory Settlement Conference ("MSC") shall be conducted in person on **June 12, 2024** at **9:30 a.m.** before **Magistrate Judge Michelle M. Pettit**. The parties shall report to the Fifth Floor of the Edward J. Schwartz Courthouse, 221 West Broadway, San Diego, California 92101. All parties are ordered to read and to fully comply with Judge Pettit's Chamber Rules. The parties must comply with the following mandatory guidelines:

    a. No later than **May 22, 2024**, Plaintiff must serve on Defendant a written settlement proposal, which must include a specific demand amount. Defendant must

respond to the Plaintiff in writing with a specific offer amount **within seven (7) days**. The parties shall not file or copy the Court on these exchanges.

    b.    No later than **May 29, 2024**, the parties must meet and confer in person or via videoconference to discuss at least the following: (i) Who will attend the MSC on behalf of each party, including counsel, client representatives with full authority to make final decisions regarding any settlement offer, and any insurance representatives; (ii) Identification of any persons or entities, such as a board of directors, who must approve a proposed settlement agreement, as well as the nature and duration of any approval process; and (iii) Insurance coverage available to cover all or part of the claimed losses or to fund all or part of any party's defense, and the status of any tenders for coverage.

    c.    No later than **June 3, 2024**, each party must submit a MSC Statement (not to exceed ten pages) that will be exchanged with the other parties. Each party may also submit an optional Confidential Settlement Letter (not to exceed five pages) that will be for the Court's review only. Both the MSC Statement and the Confidential Letter (if one is submitted) shall be lodged (not filed) with the Court via email (efile_Pettit@casd.uscourts.gov). Exhibits are limited to twenty (20) pages absent express permission from the Court in advance of the statement submission deadline.

    d.    The MSC Statement must be served on the opposing party and include at least the following: (i) a brief statement of the facts of the case; (ii) a brief statement of the claims and defenses, including the statutory or other grounds upon which the claims are founded, and a candid evaluation of the parties' likelihood of prevailing on claims and defenses, and any major issues in dispute; (iii) a statement of facts not reasonably in dispute; (iv) a list of the key facts in dispute and the specific evidence relevant to a determination of those facts; (v) any discrete issue that, if resolved, would facilitate the resolution of the case; (vi) brief statement of the issues of law with respect to liability and damages (the statement must be supported by

legal authority, but extended legal argument is not necessary); (vii) a statement of the relief sought, including an itemization of damages and any other non-monetary relief; and (viii) except to the extent prohibited by applicable rules of privilege, a summary of any prior settlement negotiations, including the settlement proposals exchanged pursuant to paragraph 8(a) above.

9. If the trial will be a bench trial, the parties shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **June 17, 2024**. The parties do not need to file Memoranda of Contentions of Fact and Law if the trial will be a jury trial.

10. The parties shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **June 17, 2024**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

11. The parties shall meet and take the action required by Local Rule 16.1(f)(4) by **June 24, 2024**. At this meeting, the parties shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. The parties shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). The parties shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). The parties shall cooperate in the preparation of the proposed pretrial conference order.

12. Defendant will be responsible for preparing the pretrial order and arranging the meetings of the parties pursuant to Civil Local Rule 16.1(f). By **July 1, 2024**, Defendant must provide Plaintiff with the proposed pretrial order for review and approval. Plaintiff must communicate promptly with Defendant concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

13. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and

lodged with the assigned district judge by **July 8, 2024**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

14. The final Pretrial Conference is scheduled on the calendar of the **Honorable Jinsook Ohta** on **July 15, 2024** at **9:00 a.m**.

15. The trial in this matter if set for **Tuesday, August 6, 2024 through Thursday August 8, 2024**. The parties may contact Judge Ohta's Chambers to reset trial dates or request that more or less time be allocated for trial.

16. The parties must review the Chambers' rules for the assigned district and magistrate judges.

17. A post trial settlement conference before a magistrate judge may be held within thirty (30) days of verdict in the case.

18. **The dates and times set forth herein will not be modified except for good cause shown.**

19. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

20. Plaintiff shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED**.

Dated: April 24, 2024

HON. MICHELLE M. PETTIT
United States Magistrate Judge