UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL MARIN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:21-cv-01445-JO-MMP<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SEAL, MOTION TO STRIKE, MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

On June 17, 2024, Defendant Board of Trustees of the California State University ("SDSU") moved for summary judgment, asserting that *pro se* Plaintiff, Mel Marin, cannot establish violations of Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act.  Dkt. 94-1 ("Def.'s Mot. Summ. J.").  Plaintiff, on the other hand, moved for summary judgment, claiming that he has proved that SDSU violated the ADA and Section 504 of the Rehabilitation Act as a matter of law.  Dkt. 96-1 ("Pl.'s Mot. Summ. J.").  In addition, Plaintiff moved to strike the exhibits Defendant filed in support of its motion for summary judgment, arguing that the publication of these exhibits violates discovery orders.  Dkt. 98 ("Pl.'s Mot. Strike").  Finally, Plaintiff moved to seal the exhibits in support of his own motion for summary judgment.  Dkt. 104 ("Pl.'s Mot. Seal").

1

On July 29, 2024, the Court held the final pretrial conference in this case and provided its order on the parties' motions. Dkt. 122. For the reasons stated below and on the record during the hearing, the Court hereby (1) DENIES Plaintiff's motion to seal, Dkt. 104; (2) DENIES Plaintiff's motion to strike Defendant's exhibits, Dkt. 98; (3) DENIES Plaintiff's motion for summary judgment, Dkt. 96-1; and (4) GRANTS Defendant's motion for summary judgment, Dkt. 94-1.

First, the Court denies Plaintiff's motion to seal his exhibits filed in support of his motion for summary judgment that contain his medical and educational information because Plaintiff failed to lodge these exhibits with the Court. Thus, the Court cannot evaluate whether these documents present "'compelling reasons' sufficient to outweigh the public's interest in disclosure." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Furthermore, Plaintiff is not entitled to seal his medical information as a matter of law. *See Heda v. Superior Ct.*, 275 Cal. Rptr. 136, 138 (Ct. App. 1990) (establishing that under the California Constitution, people enjoy a "constitutional right to privacy for *medical records*" (emphasis added)); *Norman-Bloodsaw v. Lawrence Berkeley Lab'y*, 135 F.3d 1260, 1269–70 (9th Cir. 1998) (recognizing that while there is a privacy interest in one's medical information, it must outweigh the government's interest in order to find a due process violation); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016) (explaining that the "compelling reason standard" allows courts to engage in the important role of weighing the public's interest and an individual's right to privacy). Nor is he entitled to seal his educational records as a matter of law. *See D.O. by & Through Walker v. Escondido Union Sch. Dist.*, No. 3:17-CV-2400-BEN-MDD, 2018 WL 6653271, at *1 n.1 (S.D. Cal. Dec. 18, 2018) (explaining that there is no precedent establishing that the Family Educational Rights And Privacy Act alone demands sealing), *rev'd and remanded on other grounds*, 59 F.4th 394 (9th Cir. 2023). Accordingly, Plaintiff's motion to seal, Dkt. 104, is DENIED.

Second, the Court denies Plaintiff's motion to strike Defendant's exhibits filed in support of its motion for summary judgment because Plaintiff has neither established that

Defendant engaged in discovery violations nor that Defendant is prohibited from filing these documents. Primarily, the Court finds that Defendant's filing of the following exhibits—(1) Plaintiff's Open University Registration Form ("Registration Form"), Dkt. 94-4 at 4; (2) Plaintiff's Late Petition to Drop From Two Course Without Grades ("March 30, 2020 Petition"); (3) Plaintiff's May 1, 2020 Addendum to Petition for Late Drop and Refunds ("May 1, 2020 Petition"); and (4) an email Plaintiff sent to SDSU requesting the status of his refund on May 20, 2020 ("May 20, 2020 email")—did not violate Magistrate Judge Pettit's April 19, 2024 protective order. *See* Dkts. 66, 76. Even though Plaintiff labeled the documents as "confidential" when he produced them, they fell outside the scope of the protective order that was exclusively limited to medical records. *See id.* Next, the Court finds that Plaintiff has not proven that he was deprived of his federal right to review his deposition under Federal Rule of Civil Procedure Rule 30(e) because Plaintiff has not shown that (1) he made a formal request to review the transcript and (2) he was not provided the requisite thirty days (or more if requested) to review the transcript. Fed. R. Civ. P. 30(e). Accordingly, the Court finds that Plaintiff has not established a violation of a protective order or discovery rule warranting striking these exhibits from the record. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii) ("If a party . . . fails to obey an order to provide or permit discovery, [a court may] strik[e] pleadings in whole or in part."). Lastly, the Court finds that Plaintiff has not established that Defendant is prohibited from filing these exhibits pending his appeal to seal all documents containing any medical and/or educational information. The Court is under no obligation to stay the proceedings and the Court has already denied Plaintiff's motion to do so under its discretionary authority, Dkts. 75, 82, 83, 108. *See Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1410 (9th Cir. 1990) ("Absent a stay, an appeal seeking review of collateral orders does not deprive the trial court of jurisdiction over other proceedings in the case."), *abrogated on other grounds by Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023). Therefore, Plaintiff's motion to strike, Dkt. 98, is DENIED.

Finally, the Court addresses the parties' cross-motions for summary judgment. As a preliminary matter, the Court is not persuaded by Plaintiff's evidentiary objection to Defendant's exhibits for summary judgment for failure to authenticate. Plaintiff himself produced these documents in discovery, *see* Pl.'s Mot. Strike and Dkt. 98-3, and does not raise concerns that they have been altered to contain false information. In fact, his briefing indicates that he intended to rely on these same documents in support of his own motion for summary judgment. *See* Dkt. 96-1 (Plaintiff referring to the same documents in his list of exhibits in support of his motion for summary judgment but not providing them to the Court); *Talavera v. Glob. Payments, Inc.*, 670 F. Supp. 3d 1074, 1091–92 (S.D. Cal. 2023) (citing *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996)). Therefore, Plaintiff's evidentiary objections are OVERRULED. To the extent that Plaintiff reiterates the arguments he made for his motion to strike as evidentiary objections, these are likewise OVERRULED for the reasons explained above.

The Court GRANTS Defendant's motion for summary judgment because it has demonstrated that Plaintiff cannot establish a requisite element of his ADA and Section 504 of the Rehabilitation Act claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In order to establish a claim under Title II of the ADA and Section 504 of the Rehabilitation Act, a plaintiff must establish that he is otherwise qualified to meet the essential eligibility requirements of that program. 42 U.S.C. § 12131(2); 34 C.F.R. § 104.3(k)(3). To make such a showing, a plaintiff must demonstrate that if provided with "reasonable accommodations" for his disability, he would be able to meet the requisite standards to participate in the educational programming. *Id.* Plaintiff cannot meet this burden because the undisputed facts show that his requested accommodations would not have altered the fact that he did not meet the basic prerequisites for these classes.

The following undisputed facts show that, with or without accommodations, Plaintiff was unprepared to take these classes: (1) Viruses and Neurology are upper level 500 science classes [Plaintiff's Registration Form, March 30, 2020 Petition, and Petition for Special Consideration]; (2) Plaintiff knew that these courses required prerequisites

[Plaintiff's March 30, 2020 Petition and Plaintiff's Deposition]; (3) the Viruses and Neurology courses' curriculum assumed knowledge of subject matters that Plaintiff did not possess because he did not take the prerequisites [Plaintiff's March 30, 2020 Petition and Plaintiff's Deposition]; (4) Plaintiff had to spend extra time learning the underlying subjects not taught in the classes [Plaintiff's March 30, 2020 Petition and Plaintiff's Deposition]; (5) Plaintiff failed an exam in each class [Plaintiff's March 30, 2020 Petition and Plaintiff's Deposition]; (6) Plaintiff failed the exams in part because he had not taken the prerequisites [Plaintiff's March 30, 2020 Petition and Plaintiff's Deposition]; and (7) Plaintiff filed a petition for a refund with SDSU on March 30, 2020 requesting that he be allowed to drop the classes and obtain a refund, alleging that the professors failed to inform him that he was not qualified to take the classes before the add/drop deadline [Plaintiff's March 30, 2020 Petition and Plaintiff's Deposition]. *See* Dkts. 94-4, 94-5. These above facts demonstrate that he was not qualified to participate in Viruses and Neurology because he had neither taken the prerequisites courses nor possessed the subject matter knowledge required to participate in these classes. *See Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1050–51 (9th Cir. 1999) (denying ADA and Rehabilitation Act claims because the school reasonably denied the plaintiff's accommodation request for decelerated schedule given that even on decelerated schedule plaintiff failed to adequately perform). Moreover, Plaintiff fails to raise a triable issue of material fact in arguing that the professors misrepresented to him that he could take these classes. Dkts. 100, 104-2. Even if true, his allegation that they deceived him does not bear on whether he was qualified to take these classes. Nor does it alter the fact that his requested accommodations (extra time and a magnifying glass) would not address his lack of preparedness for these classes. Plaintiff's March 30, 2020 Petition; Plaintiff's Deposition. Because the undisputed facts establish that Plaintiff could not participate without having taken the essential prerequisites, irrespective of whether he was provided an accommodation, Plaintiff fails to raise a triable issue on whether he was "otherwise qualified" for benefits, an essential element for his ADA and Rehabilitation Act claims. The Court thus GRANTS Defendant's motion for

summary judgment dismissing these claims, Dkt. 94-1, and DENIES Plaintiff's motion for summary judgment, Dkt. 96-1.

In sum, (1) Plaintiff's motion to seal, Dkt. 104, is DENIED; (2) Plaintiff's motion to strike Defendant's exhibits, Dkt. 98, is DENIED; (3) Plaintiff's motion for summary judgment, Dkt. 96-1, is DENIED; and (4) Defendant's motion for summary judgment, Dkt. 94-1, is GRANTED. Thus, (1) Defendant's Motion in Limine, Dkt. 117, (2) Plaintiff's Motion in Limine, Dkt. 118, (3) Plaintiff's Motion to Submit under Seal or by in Camera Review, Dkt. 119, and (4) Plaintiff's Motion to Amend his Complaint, Dkt. 123, are all DENIED as MOOT. The trial set for August 6, 2024 is hereby VACATED and the case is dismissed with prejudice. Accordingly, the Court orders the Clerk of the Court to CLOSE this case.

**IT IS SO ORDERED**.

Dated: August 8, 2024

_____
Honorable Jinsook Ohta
United States District Judge